

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION



'08 MAR 17 AM :26

Jerri Hidde
1049 Oxford Ct.
Neenah, WI 54956

    Plaintiff,

v.

Collectcorp Corporation
c/o CT Corporation System,
Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI. 53717

    Defendant.

CASE NO.:

JUDGE: **08-C-234**

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this complaint within the time frame permitted under the FDCPA.

9. On or around October 15, 2007, Defendant telephoned Plaintiff's place of employment.

10. During the above communication, Defendant spoke with Plaintiff's employer, who informed Defendant that Plaintiff was not permitted to receive personal phone calls at work.

11. Despite this notice, Defendant telephoned Plaintiff's place of employment again on or around October 15, 2007, and spoke with Plaintiff's employer, who reiterated the notice that Plaintiff was unable to receive personal phone alls at work.

12. Despite this notice, Defendant telephoned Plaintiff's place of employment on or around October 16, 2007.

13. During the above communication, Plaintiff reiterated the notice that Plaintiff was not permitted to receive personal phone calls at work.

14. Despite this notice, Defendant telephoned Plaintiff's place of employment on or around October 19, 2007.

15. During the above communication, Defendant spoke to Plaintiff's employer, who again reiterated the notice that Plaintiff was unable to receive personal phone at work.

16. On or around October 15, 2007, Defendant telephoned Plaintiff's neighbor, Paul Reich, for purposes other than the acquisition of location information.

17. On or around October 15, 2007, Defendant telephoned another neighbor of Plaintiff, Alyssa Bresnyan, for purposes other than the acquisition of location information.

18. On or around October 15, 2007, Plaintiff faxed Defendant a letter to cease communication with Plaintiff regarding the debt.

19. Despite this notice, Defendant telephoned Plaintiff numerous times between October 17, 2007 and October 23, 2007.

20. On or around October 23, 2007, Defendant left a message on Plaintiff's machine stating that Defendant would contact Plaintiff's family members so that Plaintiff would get the message.

21. On or around October 23, 2007, Plaintiff faxed Defendant a second letter to Defendant to cease communication with Plaintiff regarding the debt.

22. Despite this notice, Defendant telephoned Plaintiff on or around October 24, 2007.

23. On or around October 24, 2007, Plaintiff sent a third cease communication letter to Defendant via certified mail.

24. Defendant received the letter referenced immediately above on October 30, 2007.

25. On or around November 1, 2007, Defendant telephoned Plaintiff yet again regarding the debt.

26. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

27. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant received written cease and desist instructions.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:_____
Jeffrey S. Hyslip
Attorney for Plaintiff
20 W. Kinzie Street, Suite 1300
Chicago, IL 60610
Telephone: 866-339-1156
Email: jsh@legalhelpers.com